IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,992-01






EX PARTE LUIS ALBERTO JARAMILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 57,842-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to seven years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Jaramillo v. State, No. 07-09-0105-CR (Tex. App.-Amarillo Jan. 20, 2010)
(unpublished). 

 Applicant contends that the indictment did not provide sufficient notice and that his trial
counsel rendered ineffective assistance because, inter alia, he did not file a written pre-trial motion
to suppress and then waived his oral challenge to the legality of the traffic stop that led to
Applicant's arrest and conviction. 

 According to the appellate opinion, Applicant was a passenger in a car that was stopped for
no other reason than to serve a subpoena and counsel waived any objections to the stop when
controlled substances discovered after the stop were admitted into evidence. Jaramillo v. State, No.
07-09-0105-CR, at (Tex. App.-Amarillo Jan. 20, 2010) (unpublished). Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall obtain a response from trial
counsel addressing Applicant's claims of ineffective assistance of counsel. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings as to whether there was a lawful basis for the traffic
stop and whether counsel timely moved to suppress all evidence seized as a result of the stop. The
trial court shall also make specific findings as to whether there was a strategic reason to state "no
objection" to the admission of controlled substance evidence once trial counsel was satisfied with
the chain of custody. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 28, 2011

Do not publish